☐ ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

PREMIUM INCOME CORP., INFOREX, LTD.,
TRI-FOREX INTERNATIONAL, LTD.
also known as TRI-FOREX, LTD. and
INTERNATIONAL FOREX COMPANY,
GERALD LEO ROGERS also known as
JAY ROGERS and JAY RODGERS, and
ALEXANDER IGOR SHEVCHENKO,

Defendants.

Civil Action No.

05-mc-36

3-05CV  0415M

Certified a true copy of an instrument
on file in my office on 3-3-05
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

## ORDER APPOINTING TEMPORARY RECEIVER

This matter came on before me, the undersigned United States District Judge, this 2nd day of March 2005, on the motion of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Temporary Receiver for all Defendants in this case. It appears that this Order Appointing Temporary Receiver is both necessary and appropriate in order to prevent waste and dissipation of the assets of the Defendants to the detriment of investors.

I.

IT IS THEREFORE ORDERED:

1.  This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants or any entities controlled by

Order Appointing Temporary Receiver
SEC v. Premium Income Corp., et al.

1

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAR -4  AM 11: 14

Defendants ("Receivership Assets"), and the books and records of the Defendants ("Receivership Records").

2. ___KELLY CRAWFORD___, located at ___SCHEEF & STONE, 5956 SHERRY LN #1400, DALLAS, TX 75225___, with the phone number of (214) 706-4200, facsimile number 214-706-4242 is appointed Temporary Receiver ("Receiver") for the Receivership Assets. The Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order. The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

3. All persons, including Defendants and their officers, agents, servants, employees, brokers, facilitators, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of Defendants herein, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and shall promptly surrender all Receivership Records. No separate subpoena shall be required. Upon presentment of this Order, all persons, including financial institutions, shall provide account balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account.

4. The Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Receivership Records.

5. All persons, including Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and Receivership Records, from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets and Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

6. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants or any company or entity under the direction or control of any of the Defendants, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

7. The Receiver is hereby authorized to make from Receivership Assets such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets. From and after the date of entry of this Order, the Receiver shall have the authority to conduct the business operations of Defendants and the entities they control, including the collection of rents or

continuation and termination or any employment arrangement and the terms thereof. The Receiver shall have the authority to contact and negotiate with any creditors of Defendants for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Receiver is authorized to renew, cancel, terminate, or otherwise adjust any agreements to which any of these Defendants are a party.

8. The Receiver is hereby directed to file with this Court and serve upon the parties, within 30 days after entry of this Order, a preliminary report setting out the identity, location and value of the Receivership Assets, any liabilities pertaining thereto and any assets of the Defendants beyond the value of the assets received from Defendants in the course of the events made the basis of this action. Further, at the time the Receiver makes such report, he shall recommend to the Court whether, in his opinion, based on his initial investigation, claims against Defendants should be adjudged in the Bankruptcy Court. After providing the parties an opportunity to be heard, this Court will determine whether to accept the Receiver's recommendation and, if appropriate, issue an order authorizing the Receiver to commence a bankruptcy proceeding.

9. This Order does not prohibit the prosecution of any civil action or other proceeding against Defendants, including non-dischargeability proceedings and enforcement of any judgments obtained in such actions or proceedings, or effect the release of any claim asserted therein. However, to the extent judgment creditors or other claimants seek to prosecute an action or proceeding against the Defendants or to satisfy a judgment or claim from Receivership Assets,

they will do so only with the prior permission of this Court or the United States Bankruptcy Court in the event the Receiver recommends and the Court approves commencement of such a proceeding, and in accordance with an order of priority established by a plan of liquidation and distribution, or any automatic or other stay provided under the Bankruptcy Code.

10.     The Receiver is hereby authorized to employ such employees, accountants, and attorneys and others as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets and Receivership Records.

11.     The Receiver is hereby authorized to receive and collect any and all sums of money due to Defendants, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

12.     The Receiver is hereby authorized to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of the Receivership Assets.

13.     The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies. All such actions shall be filed in this Court.

14. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys or agents in the performance of their duties. The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute Receivership Assets.

15. The Receiver shall keep the Commission apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver.

16. The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. Any and all costs incurred by the Receiver shall be paid from the Receivership Assets.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

## III.

**IT IS FURTHER ORDERED** that this Order will remain in effect until modified by further order of this Court.

Dated this 2nd day of MARCH, 2005.

_____
UNITED STATES DISTRICT JUDGE